**EASTERN AIRLINES, Inc. v. CIVIL AE-RONAUTICS BOARD (STATE OF RHODE ISLAND, Intervenor).**

**No. 10099.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 6, 1949.

Decided Nov. 30, 1949.

Mr. W. Glen Harlan, Atlanta, Ga., with whom Mr. Llewellyn C. Thomas, Washington, D. C., was on the brief, for petitioner.

Mr. Albert R. Tavani, Providence, R. I., of the bar of the Supreme Court of Rhode Island, pro hac vice, with whom Mr. Philip Schleit, Washington, D. C., was on the brief, for intervenor State of Rhode Island, urging reversal.

Mr. John H. Wanner, Associate General Counsel, Civil Aeronautics Board, Washington, D. C., of the bar of the Supreme Court of Pennsylvania, pro hac vice, with whom Mr. Herbert Bergson, Assistant Attorney General, Messrs. Edward Dumbauld and William D. McFarlane, Special Assistants to the Attorney General, and Messrs. Emory T. Nunneley, Jr., General Counsel, and Warren L. Sharfman, Attorney, both of the Civil Aeronautics Board, Washington, D. C., were on the brief, for respondent.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

Eastern Airlines, Inc., is a trunk-line operator between New England and the south. Its certificate permits it to "serve Boston only on flights originating or terminating south of Richmond or west of Charleston [W.Va.]; . . . [and] Providence, Hartford, and New Haven only on flights originating at Boston and terminating south of Richmond or west of Charleston or on flights originating south of Richmond or west of Charleston and terminating at Boston." These restrictions were imposed to protect carriers authorized to provide local service in New England. Eastern has repeatedly sought to have the restrictions removed. By a pending application (Docket 3501) it asks the Civil Aeronautics Board for authority to "perform unrestricted transportation in relation to" these New England cities.

By the present petition, Eastern seeks review of an order of the Board which declined to consolidate Eastern's application with pending proceedings known as "Service in New England States Case, Docket 2196 et al." Prehearing conferences with respect to Docket 2196 were held, at which Eastern and other airlines were present, to

fix the scope of those proceedings. The Board decided to limit them to "local or feeder-line service" in the New England area, meaning the area north of New York City and east of Albany. American Airlines, a trunk-line operator, filed a motion in opposition to Eastern's application for consolidation and sought to participate only as an intervenor. United Airlines, another trunk-line operator, requested consolidation of its application if Eastern's was consolidated. Northeast Airlines, Inc., also a trunk-line operator, agreed to withdraw an application to include Hartford, New Haven, and Bridgeport on its Boston-New York run if Eastern's application was not consolidated. The Board found that to consolidate Eastern's application "would unduly expand the issues and broaden the scope" of the proceeding under Docket 2196. Accordingly Eastern, and also American, participated as intervenors only.

The petition for review contends that Eastern was entitled to a consolidated hearing, that the Board's order denying consolidation was not supported by findings as required by law, and that the order practically denied Eastern a hearing on its application. The Board contends the order refusing consolidation is not final but merely interlocutory and therefore not yet reviewable; also that the order is valid, because Eastern's application differs materially from those consolidated.

■ It is not clear that anything included in petitioner's application is "local or feeder-line service" and therefore within the scope of the New England case. Even if some routes included in petitioner's application, e.g., Boston to Providence, may be so regarded, we have no reason to suppose the Board will grant any certificates for those routes in the New England case, or without considering Eastern's application. It follows that the Board's order denying consolidation does not foreclose petitioner as to any route covered by its application, and we must dismiss the petition for review. It follows also, from the contrast between the subject-matter of petitioner's application and that of the New England case, that if the Board's order were properly before us for review it should be affirmed.

■ Petitioner's application includes a large amount of service that is neither of the local or feeder-line type, nor confined to New England, and is for both reasons outside the scope of the New England case. As petitioner conceded in its motion to consolidate, "Eastern's proposal involves the question of the improvement of Eastern's services between points south of New York/Newark on the one hand (Trenton, Philadelphia, Atlantic City, Wilmington, Baltimore, Washington, Richmond and Charleston, W. Va) and the New England points on the other." The Board's finding that consolidation of this application for trunk-line service into other territory, with applications for local or feeder-line service within New England, would unduly expand the issues and broaden the scope of the proceeding is plainly within the Board's discretion. We think it sufficient. If petitioner had presented an application limited as the applications consolidated in the New England case were limited, the Board would of course have consolidated it for hearing with the others. Instead, petitioner sought to require the Board to deal in one proceeding with two very different kinds of service. As the Board points out, "The large number of applications filed with the Board and the fact that they are invariably over-lapping, both as to the areas to be served and the type of services to be performed, necessitates the application of the informed judgment of an expert body to questions of consolidation if a hopeless administrative jumble is to be avoided."

Petition dismissed.